# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| MARINE PETROLEUM CORP., <br><br> Plaintiff, <br><br> vs. <br><br> OSCEOLA CRUISES LLC, WESTERN MARINE CHARTERS INC., *et al.*, <br><br> Defendants. | Case No. 19-cv-00612-DKW-KJM <br><br> **ORDER (1) GRANTING MOTION TO REMAND AND (2) REMANDING ACTION TO STATE CIRCUIT COURT** |

On November 7, 2019, William Barker, a non-lawyer and unnamed defendant, removed this action purportedly on behalf of Defendants Osceola Cruises LLC and Western Marine Inc. (collectively, "Defendants") from the First Circuit Court for the State of Hawai‘i. Dkt. No. 1. A month later, Plaintiff Marine Petroleum Corp. ("Plaintiff" or "Marine") filed a motion to remand this action to the State court. Dkt. No. 6. Therein, Plaintiff raises various arguments for why this case should be remanded, including on the ground that this Court lacks subject matter jurisdiction over the parties' dispute. Because the Court finds that Defendants have not carried their burden of establishing this Court's subject

1

matter jurisdiction, the motion to remand is GRANTED, with this action being remanded to the First Circuit Court.

## RELEVANT PROCEDURAL BACKGROUND

On December 6, 2019, Plaintiff filed the instant motion to remand. Dkt. No. 6. The Court scheduled the motion to remand for hearing on January 16, 2020, Dkt. No. 8, which meant, according to Local Rule 7.2, a response was due by December 26, 2019. No response was filed by December 26, 2019 or on any other date. In fact, Defendant-corporate entities have not filed an appearance of counsel. Moreover, other than the notice of removal and documents associated therewith, neither the Defendants nor Mr. Barker have made any appearance in this case. *See, e.g.*, Dkt. No. 14 (Amended Order to Show Cause). Due to the lack of a response to the motion to remand, the Court opted to vacate the scheduled hearing. Dkt. No. 12.

## RELEVANT LEGAL PRINCIPLES

Pursuant to Section 1441(a) of Title 28, any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have original jurisdiction over the action. Pursuant to Sections 1331 and 1332(a)(1) of Title 28, this Court has original jurisdiction of all civil actions

involving, respectively, (i) federal law and (ii) an amount in controversy in excess of $75,000 and citizens of different States.

Pursuant to Section 1447(c) of Title 28, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing this Court's subject matter jurisdiction "rests upon the party asserting jurisdiction[,]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), which, here, means the Defendants, *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## **DISCUSSION**

The notice of removal, Dkt. No. 1, appears to rely on both Sections 1331 (federal question) and 1332 (diversity) for purposes of this Court's subject matter jurisdiction. More specifically, the notice of removal states that the "complaint presents federal questions" and "diversity [j]urisdiction applies." *Id.* at 2-3.

The notice of removal is incorrect on both counts. First, the complaint does not present a federal question, as it is entirely premised upon Defendants' alleged breach of contract, a state law claim, *see Caterpillar Inc. v. Williams*, 482 U.S.

3

386, 394-399 (1987) (explaining that state-law contract claims did not arise under federal law and were not by pre-empted by any federal law). Further, Defendants point the Court to no federal law that may be applicable to the claims.

Second, Defendants have failed to show that this case involves diverse parties. In the notice of removal, it states that diversity jurisdiction applies because "at least one Plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d)." Dkt. No. 1 at 3. However, Section 1332(d) concerns diversity for purposes of *class actions* involving an amount in controversy of more than $5 million. Nothing in the complaint, or even the notice of removal, indicates that this case involves either of those elements. As such, the notice of removal presents no basis for removal of this action. In addition, even if the Court were willing to assume that Mr. Barker, on apparent behalf of Defendants, meant to rely upon Section 1332(a)–the general diversity jurisdiction provision–the notice of removal fares no better. Notably, the notice of removal makes no mention that *complete* diversity exists–a necessary showing to establish jurisdiction under Section 1332(a). *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).[1]

---

[1]The Court notes that, while the papers in this case may provide some inclination as to the citizenship of the various relevant parties, they do not dispel doubt as to the same. Moreover, as explained, it is Defendants' burden to establish the foregoing, something which they have failed

Accordingly, because Defendants have failed to carry their burden of establishing subject matter jurisdiction over this case, the motion to remand is GRANTED.[2]

## **CONCLUSION**

The motion to remand, Dkt. No. 6, is GRANTED. This case is hereby REMANDED to the First Circuit Court for the State of Hawaiʻi, pursuant to Section 1447(c) of Title 28. The Clerk is instructed to mail a certified copy of this Order to the clerk of the First Circuit Court and then CLOSE this case.

IT IS SO ORDERED.

Dated: January 16, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Marine Petroleum Corp., v. Osceola Cruises LLC*; CV 19-00612 DKW-KJM;
**ORDER (1) GRANTING MOTION TO REMAND AND (2) REMANDING ACTION TO STATE CIRCUIT COURT**

---

to do. This Court will, thus, not attempt to piece together an uncertain puzzle.
[2]The Court, thus, need not address the other arguments raised in the motion to remand.